Daniels, J.—
The order appointing the receiver was founded upon the fact that 993 shares of stock appear by the books of the company to stand in the name of the judgment debtor, and while he denied the fact of owning the stock, and stated that he had previously sold and disposed of it, the judgment creditor was not concluded by this statement, but was still at liberty to obtain the appointment of a receiver, who would be empowered to contest the fact that the debtor had parted with his interest in this property. Where the creditor may be disposed to do that, a receiver will be appointed very much as a matter of course to permit *421 him to do it, under the authority of section 2464 of the Code of Civil Procedure. The circumstance, therefore, that the debtor denied having any interest in these shares was not conclusive against the application which resulted in the appointment, and the order appointing a receiver in no way prejudiced the company. For it imposed no restraint upon it. Neither did it require the company to issue certificates of stock to, or in favor of, the receiver. It, on the contrary, entitled him to a transfer of the shares only when he should present proper evidence entitling him, as a matter of right, to such transfer. That evidence could only consist ordinarily in a return of the certificates of the shares themselves, accompanied with power to make the transfer on the books of the company. Until that shall be obtained, or the receiver’s right to the stock maintained in other legal proceedings, he will not be entitled to a transfer of these shares on the books of the company, and the company, consequently, has been in no way injured by the order for his appointment. The order enjoining the transfer of the stock by the company was made ex parte before it was made to appear that the debtor had sold and disposed of his shares in the stock of the company, and no application on the part of the company has at any time been made upon this evidence to the special term, or the judge making the order, to vacate so much of it as contains this restraint. Until that shall be done no adjudication will exist, including this subject-matter, which can be reviewed by appeal under sections 1301 and 1358 of the Code of Civil Procedure. If it shall be important for the company to be relieved from this restraint, it should first apply for that relief upon the evidence, from which it appears that the debtor had no interest whatever in the stock of the company. In the absence of such application, no adjudication can exist which can be made the subject of such an appeal as has been taken in this case.
The order appointing the receiver should, therefore, be affirmed, and the appeal of the company should be dismissed so far as it has been made to include the ex parte order for the examination of the judgment debtor.
But as the probability is so decided that the debtor has no interest whatever in this property, it should be with costs to abide the final event of the proceeding, and without prejudice to a motion to vacate the injunction order.
Van Bbunt and Beady, JJ., concur.